UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:16-CR-86-SDJ |
| | § | |
| RANDY KENNEDY (1) | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Randy Kennedy's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines. (Dkt. #333); (Dkt. #336) (repeat). The Government has filed a response in opposition. (Dkt. #341). After full consideration, the Court concludes that the motion should be denied.

Under Section 3582(c)(2), a district court may reduce a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). Here, however, Kennedy's term of imprisonment was not based on a sentencing range—it was based on an agreed sentence set by a binding plea agreement. *See* (Dkt. #186). Even so, a sentence imposed pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) binding plea agreement may be reduced under Section 3582(c)(2) if "'the agreement itself employs the particular Guidelines sentencing range applicable to the charged offenses in establishing the term of imprisonment.'" *United States v. Urbina*, 721 F.App'x 373, 374 (5th Cir. 2018) (per curiam) (quoting *Freeman v. United States*, 564 U.S. 522, 540, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (Sotomayor, J., concurring)). Therefore, to

resolve Kennedy's motion, the Court turns to the question of whether Kennedy's agreed sentence relied upon a guideline sentencing range.

In the binding plea agreement, the parties agreed to an appropriate sentence of twelve years (144 months) of imprisonment for Count One and a consecutive five years (60 months) of imprisonment for Count Two, for a total of seventeen years (204 months). (Dkt. #186 at 2). Alongside this agreed term of imprisonment, Kennedy acknowledged that:

> The defendant understands that although his guideline range for this offense may be lower than this seventeen year sentence, the defendant understands that this sentence encompasses the fact that he possessed a firearm on each of the drug transactions. Had the defendant been convicted of the firearm charges, he would have faced a substantially higher sentence which would have run consecutively to one another.

(Dkt. #186 at 3). With this acknowledgment, it is apparent that Kennedy's agreed sentence was not tied to a "Guidelines sentencing range applicable to the charged offenses" of Count One and Count Two. *See Urbina*, 721 F.App'x at 374. Rather, Kennedy's sentence, which may have been above the applicable guideline range at the time, was based on an agreement that the Government would not prosecute the firearm charges pending against Kennedy. *See* (Dkt. #186 at 3, 5). The Court thus finds that Kennedy's term of imprisonment is not eligible for reduction under Section 3582(c)(2), because the binding plea agreement did not rely on a particular guideline sentencing range for Kennedy's sentence.

It is therefore **ORDERED** that Defendant Randy Kennedy's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines, (Dkt. #333, #336), is **DENIED**.

**So ORDERED and SIGNED this 6th day of August, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE